UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAPT. JAMES LINLOR,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM WHETSELL, in his individual capacity,<br><br>Defendant. | Case No. 3:18-cv-00096-MMD-CBC<br><br>ORDER |

**I.   SUMMARY**

Plaintiff James Linlor, a commercial airline pilot, alleges that a TSA screener struck Plaintiff's genitals with excessive force during a pat-down at Dulles International Airport. Plaintiff brings this action *pro se* against the screener's supervisor, Defendant William Whetsell, who allegedly failed to collect or preserve evidence related to the incident. Before the Court is Defendant William Whetsell's motion to dismiss or, in the alternative, to transfer this action to the Eastern District of Virginia. (ECF Nos. 6, 7.) The Court has reviewed Plaintiff's response (ECF No. 10) as well as Defendant's reply (ECF No. 11). For the following reasons, the Court dismisses this action for lack of personal jurisdiction over Defendant.

**II.   BACKGROUND**

Plaintiff alleges that a non-party TSA screener (Gerard Polson) "'rammed his hand' into Plaintiff's genitals with excessive force" during a pat-down at Dulles International Airport on March 10, 2016. (ECF No. 1 at 10.) Plaintiff brings this action against Mr.

Polson's supervisor, Defendant William Whetsell, alleging that Defendant did not collect or preserve evidence of the incident. Specifically, Plaintiff alleges that Defendant failed to "collect witness names and contact information" or preserve "text messages, emails, social media, and other ESI potentially relevant to Plaintiff's claims." (*Id.* at 2-3.) Plaintiff asserts one *Bivens*[1] claim against Defendant and seeks compensatory and punitive damages. (*Id.* at 18.)

## III.  LEGAL STANDARD

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

In addition, allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

## IV. DISCUSSION

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *See Baker v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.

### A. General Jurisdiction

General jurisdiction in this case requires that Defendant engaged in continuous and systematic general business contacts that approximate physical presence in Nevada. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011). "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Id.* at 1074 (quoting *Schwarzenegger*, 374 F.3d at 801). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [courts] consider their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" *Id.* (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).

Plaintiff does not allege that Defendant engaged in continuous and systematic general business contacts that approximate physical presence in Nevada, but instead argues that the Court has personal jurisdiction over Defendant under 28 U.S.C.

3

§ 1391(e)(1)(C). (*See, e.g.,* ECF No. 10 at 5-6.) The relevant portion of 28 U.S.C. § 1391(e)(1)(C) confers personal jurisdiction[2] over officers or employees of the United States on the judicial district where the plaintiff resides in certain circumstances:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action.

Defendant argues that 28 U.S.C. § 1391(e)(1)(C) does not apply because Plaintiff asserts a *Bivens* claim. (ECF No. 11 at 2-3.) In support of its argument, Defendant cites to *Stafford v. Briggs*, 444 U.S. 527 (1980). There, the Court held that the venue provisions of § 1391(e) do not apply to *Bivens* actions because "[a] suit for money damages which must be paid out of the pocket of the private individual who happens to be—or formerly was—employed by the Federal Government plainly is not one essentially against the United States." *Id.* at 542 (internal quotation marks omitted).

The Court agrees with Defendant that § 1391(e) does not apply to Plaintiff's *Bivens* action under the reasoning of *Stafford*. (*See* ECF No. 1 at 4 ("Enforcement of this complaint against an individual federal agent is actionable as a violation of civil rights under Bivens . . . seeking monetary damages in relief against the Defendant in his individual capacity . . . .").)

In light of the inapplicability of § 1391(e) and the lack of factual allegations to support general jurisdiction, the Court finds that it does not have general jurisdiction over Defendant.

**B.    Specific Jurisdiction**

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts." *CollegeSource*, 653 F.3d at 1075. In the Ninth Circuit, courts use a three-prong test to determine whether specific jurisdiction exists over a particular cause of

---

[2]As opposed to simply venue. *See Stafford v. Briggs*, 444 U.S. 527, 553 n.5 (1980) (rejecting argument that § 1391(e) confers only venue and not personal jurisdiction).

4

action: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.* at 1076 (quoting *Schwarzenegger*, 374 F.3d at 802)). The first prong, alternatively called purposeful availment or purposeful direction, is often determinative. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). In addition, the party asserting jurisdiction bears the burden of demonstrating only the first two prongs. *CollegeSource*, 653 F.3d at 1076 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If it does so, the burden shifts to the party challenging jurisdiction to set forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Plaintiff argues that the Court has specific jurisdiction over Defendant because (1) Defendant caused an electronic report of the incident to be distributed across the nationwide TSA system, including in Nevada; and (2) Defendant engaged in spoliation of evidence that would have been available for future cases against TSA by residents of Nevada. (*See, e.g.*, ECF No. 10 at 2-3, 6-10.) Defendant argues that these allegations do not ground personal jurisdiction under the reasoning of *Walden v. Fiore*, 571 U.S. 277 (2014). (ECF No. 11 at 6-7.)

In *Walden*, a police officer and a Drug Enforcement Administration ("DEA") agent seized $97,000 in cash from two individuals at the Atlanta Hartsfield-Jackson Airport. 571 U.S. at 279-80. The cash was later returned to the individuals, but they sued the police officer in a *Bivens* action in the District of Nevada, alleging in part that the police officer violated their Fourth Amendment rights by drafting and forwarding a probable cause affidavit that contained false statements to support a forfeiture action. *Id.* at 281. The police

officer moved to dismiss for lack of personal jurisdiction, and the District Court granted the motion. *Id.*

The Ninth Circuit reversed, finding that the District Court could properly exercise jurisdiction over the "false probable cause affidavit aspect of the case" because the police officer "expressly aimed" his submission of the allegedly false affidavit at Nevada by submitting the affidavit with knowledge that it would affect persons with a "significant connection" to Nevada. *Id.* at 282.

The Supreme Court reversed the Ninth Circuit, noting that the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290. The Supreme Court found that the police officer's conduct did not connect him to Nevada in a meaningful way, reasoning that "[r]espondents . . . lacked access to their funds in Nevada not because anything independently occurred there, but because Nevada is where respondents chose to be at a time when they desired to use the funds seized by petitioner. Respondents would have experienced this same lack of access in California, Mississippi, or wherever else they might have traveled and found themselves wanting more money than they had." *Id.*

The Court agrees with Defendant that Plaintiff advances a similar theory of minimum contacts to the one the Supreme Court rejected in *Walden*. Plaintiff focuses on the effects of Defendant's conduct that were felt in Nevada as opposed to "whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290. For instance, Plaintiff argues that "TSA is well known . . . to report any incidents and evidence . . . nationally, making Defendant's actions have direct *effects* upon all residents of Nevada." (ECF No. 10 at 7 (emphasis added).) However, Defendant's transmission of an electronic report to TSA's national system did not connect him to Nevada in a meaningful way because it was transmitted to all states—not just Nevada. Plaintiff's second argument—that Defendant's spoliation of evidence harmed Nevadans who might have relied on it in other cases—is also unpersuasive. Even if Defendant spoliated

evidence, there is no indication in the record before the Court that such spoliation was aimed at Nevadans in particular.

Accordingly, the Court finds that it lacks specific jurisdiction over Defendant.

## V. DISMISSAL OR TRANSFER

When the court determines that it lacks jurisdiction over a matter, it must determine whether the case should be dismissed or transferred to another district under 28 U.S.C. § 1631. *Borsai v. Webber Invs., LLC*, No. 2:14-CV-00998-GMN, 2014 WL 7331752, at *1 (D. Nev. Dec. 19, 2014) (first citing *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir.1990); and then citing *Gray & Co. v. FirstenbergMack Co.,* 913 F.2d 758, 761-62 (9th Cir.1990)). Although Defendant references the relevant transfer statute as 28 U.S.C. § 1406 (*see, e.g.*, ECF No. 7 at 10), the proper transfer statute is § 1631 because § 1406(a) "only allows transfer where the first court has subject matter jurisdiction over the action." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Transfer is normally in the interest of justice because dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating. *Id.* (citing *Miller*, 905 F.2d at 262). "When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Id.* (quoting *Cruz–Aguilera v. I.N.S.,* 245 F.3d 1070, 1074 (9th Cir. 2001)).

Defendant argues that transfer is not in the interests of justice because (1) Plaintiff's Complaint is fundamentally flawed; (2) the Complaint is part of a pattern of meritless vindictive litigation; (3) the Complaint was obviously and deliberately filed in the wrong court; and (4) the Complaint seeks to circumvent or challenge adverse rulings against Plaintiff in another district. (ECF No. 7 at 11.)

As to the second point, Defendant alleges that Plaintiff has unsuccessfully sued Defendant's former colleague, Mr. Polson, in connection with the incident at Dulles airport on March 10, 2016. (ECF No. 7 at 12 (citing *J.L. v. Polson*, No. 1:17-cv-013-AJT-JFA (E.D. Va.)).) Defendant further alleges that Plaintiff unsuccessfully sued the Metropolitan

7

Washington Airports Authority; Loudon County, Virginia; and two police officers in their individual capacities for failing to arrest and prosecute Mr. Polson after Plaintiff accused him of sexual assault. (*Id.* (citing *J.L. v. Mitchell*, No. 1:16-cv-583 (E.D. Va.)).) Defendant further alleges that Plaintiff has made three unsuccessful attempts to have a Virginia state judge issue an arrest warrant for Mr. Polson, and he is presently pursuing a fourth attempt in Loudon County, Virginia. (*Id.* (citing ECF No. 1 at 17-18).)

Plaintiff asserts that there is no pattern of vindictive litigation but merely cites to his allegations regarding the sexual harassment he experienced. (ECF No. 10 at 15.) Plaintiff does not contest Defendant's characterization of any of his other lawsuits. Plaintiff further argues that he will be prejudiced if the case is transferred to Virginia because of travel costs. (*See, e.g.*, *id.* at 17.)

The Court agrees with Defendant that Plaintiff's lawsuit appears to be part of a pattern of meritless litigation, particularly in light of Plaintiff's failure to address whether the other actions Defendant identified were meritorious. Moreover, Plaintiff objects to transfer on the ground that it would be "the epitome of inequity and [a] substantial burden upon" him. (*Id.*) Accordingly, the Court finds that transfer is not in the interest of justice in this case and will dismiss the action without prejudice.

**VI. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 6) is granted. This action is dismissed without prejudice and the Clerk is instructed to close this case.

///

///

///

It is further ordered that Defendant's motion to transfer (ECF No. 7) is denied as moot.

DATED THIS 16th day of October 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE